United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN JOSE TENANTS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | Case No. 18-CV-06800-LHK<br><br>**ORDER STAYING CASE** |

On October 4, 2018, the Court granted Defendant's motion to dismiss without prejudice in the case *Hotop et al v. City of San Jose, et al* (18-CV-2024-LHK) ("*Hotop*"). *See* 18-CV-2024-LHK, Dkt. No. 36. On October 11, 2018, the *Hotop* plaintiffs filed a notice of their intent not to amend the FAC pursuant to the Court's October 4, 2018 Order and instead indicated their intent to stand on the FAC. *Id.*, Dkt. No. 38. Accordingly, the Court dismissed the *Hotop* plaintiffs' FAC with prejudice and directed the Clerk to enter judgment in favor of Defendant and to close the file. *Id.*, Dkt. No. 39. On October 15, 2018, the *Hotop* plaintiffs filed a notice of appeal. *Id.*, Dkt. No. 40.

On December 14, 2018, Defendant filed an administrative seeking to relate the instant case ("*San Jose Tenants Association*") to the *Hotop* case. *See* 18-CV-2024-LHK, Dkt. No. 44.

1
Case No. 18-CV-06800-LHK
ORDER STAYING CASE

1  Defendant's motion explained that the complaints filed in *San Jose Tenants Association* and

2  *Hotop* were filed by the same counsel and were nearly verbatim copies of each other, and that both

3  challenged the same Rent Registry provisions of the City's Apartment Rent Ordinance and alleged

4  the same violations of the United States Constitution. *See id.* at 2. In addition, Defendant also

5  articulated that the two actions concern "substantially the same . . . property, transaction, or

6  event," and "[i]t appears likely that there will be unduly burdensome duplication of labor and

7  expense or conflicting results in the cases are conducted before different Judges." *Id.* (quoting

8  Civil L.R. 3-12). Plaintiffs did not oppose.

   Accordingly, on December 20, 2018, the Court granted Defendant's motion and related the instant *San Jose Tenants Association* case to the *Hotop* case. *See* 18-CV-2024-LHK, Dkt. No. 45; ECF No. 13. As a result, on December 20, 2018, the Clerk's office reassigned the instant *San Jose Tenants Association* case to the undersigned. ECF No. 14.

   Now that the instant *San Jose Tenants Association* case has been related to *Hotop* and reassigned to the undersigned, the Court STAYS the instant *San Jose Tenants Association* case pending resolution of the appeal in *Hotop*. The *San Jose Tenants Association* case complaint was filed on November 9, 2018. ECF No. 1. There has been no initial case management conference or activity in the instant case. Moreover, the same Plaintiff's counsel in *Hotop* chose not to litigate in district court and chose instead to seek immediate appeal of this Court's dismissal order. Resolution of *Hotop*'s appeal will help to simplify the issues and questions of law in the instant related *San Jose Tenants Association* case. Therefore, the Court finds that "the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay" weigh strongly in favor of a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

   The Clerk shall administratively close the file. This is an internal administrative procedure that does not affect the rights of the parties. The parties shall jointly alert the Court immediately of any Ninth Circuit ruling in the *Hotop* case.

**IT IS SO ORDERED.**

Dated: December 20, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge